Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

SUPERIOR COURT
OF GUAM

2012 OCT -9 AM 8: 23

CAROLYN JANE LAMB,

     Plaintiff,

vs.

BENJAMIN RALPH HOFFMAN,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CHILD SUPPORT CASE NO. CS0589-03


DECISION AND ORDER
(Remand)

This is the second remand by the Supreme Court of Guam ("Supreme Court"). On September 8, 2011, this Court's August 14, 2009 Decision and Order was reversed in part and remanded in part in *Lamb v. Hoffman*, 2011 Guam 13 ("*Lamb II*"). On November 16, 2011, a status hearing was held before the HONORABLE ELIZABETH BARRETT-ANDERSON. Plaintiff Carolyn Jane Lamb ("Plaintiff") is represented by Attorney Patrick Civille. Defendant Benjamin Ralph Hoffman ("Defendant") is *pro se*. After reviewing the Supreme Court's instructions on remand and current record, this Court issues the following decision and order.

I.

**BACKGROUND**

This case stems from a Foreign Support Order (FSO) or written decision from the County of Pictou, Nova Scotia, Canada issued on April 6, 2000, and an Amended and Final Corollary Relief Judgment released on October 10, 2000. Child Support Referee Linda Ingles ("Referee Ingles") issued her Findings and Recommended Order on January 26, 2004. Referee Ingles determined Defendant should not received credit for the transfer of the 13,500 Cell-Loc shares, because they were marital assets. Defendant filed an objection to Referee Ingles' Findings and Recommended Order and moved for a new trial. On July 25, 2005, this Court

confirmed and ratified Referee Ingles' Findings and Recommended Order and denied Defendant's motion for a new trial. Defendant filed a notice of appeal to the Supreme Court. On February 18, 2008, the Supreme Court in *Lamb v. Hoffman*, 2008 Guam 2 ("*Lamb I*"), affirmed in part and remanded in part this case to determine Defendant's total arrears based on Defendant's credit form the liquidation value of the 13,500 Cell-Loc shares.

On April 14, 2009, this Court issued a Decision and Order on remand. Plaintiff filed an appeal. On September 8, 2011, the Supreme Court reversed and remanded in part the 2009 Decision and Order and determined: the Cell–Loc shares were marital property, and Defendant should have received only fifty percent of the value towards his spousal and child support obligations; the Superior Court's application of the 2005 settlement payments (Florida and the Connor Pacific Debenture settlements) were outside the scope of remand; the Superior Court did not fail to give due weight to the calculations of the Nova Scotia Maintenance Enforcement Program ("MEP") registry. *Lamb II*, 2011 Guam 13 at ¶ 2.

On November 16, 2011, this Court instructed the parties to submit further briefing regarding specific calculations of arrears, including credits owed from March 1, 2000, until September 30, 2003. Defendant filed Brief of Benjamin Ralph Hoffman, M.D. Regarding Child Support Arrearages on January 24, 2012. Plaintiff filed Carolyn Jane Lamb's Calculation on Remand on January 31, 2012. On February 15, 2012, Defendant filed Reply Brief of Benjamin Ralph Hoffman, M.D. Regarding Child Support Arrearage.

II.
**DISCUSSION**

*Lamb II* provides the following instructions on remand:

> On the basis of the facts presented on remand, we reverse the Superior Court's decision to give Benjamin full child support credit for the Cell–Loc shares. As marital property, Carolyn was already entitled to half of the shares, and therefore,

Benjamin should only receive credit for surrendering his half of the shares. *Second*, we reverse the Superior Court's granting of child support credit for the Florida and Connor Pacific Debenture settlements. These settlements were outside the scope of what this court remanded to the Superior Court to consider. *Lastly*, we hold that the Superior Court did not fail to give due weight to the calculations of the Nova Scotia MEP registry.

*Id.* at ¶ 27 (emphasis added).

Plaintiff reiterates the holding in *Lamb II* and requests the following credits. Plaintiff explains this Court went beyond Referee Ingles' Findings and Recommended Order and the Supreme Court's mandate when it calculated arrears through January 26, 2004. *Id.* Plaintiff also argues Defendant by multiplying his child support obligations of $2,391 CDN by 43 months is asking the Court to exceed the scope of Referee Ingles' initial Findings and Recommended Order and Supreme Court's instructions on remand. *Id.* at 5. Next, although Plaintiff disagrees Defendant should receive a credit for the Cell-Loc shares, Plaintiff concedes the Supreme Court instructed this Court to credit Defendant with one-half the value of Cell-Loc shares. *Id.* Plaintiff also adds Defendant should receive a credit for the $25,000.00 USD held in the Court Registry. *Id.* at 4. Finally, Plaintiff requests the Court apply the Cell-Loc credits to Defendant's spousal support obligations, because the Cell-Loc shares were awarded to Plaintiff without reference to child support. *Id.* at 7.

Although Defendant agrees with the above credits, he argues he is entitled to credit for the following: the Nova Scotia Enforcement Program $2,505.81; payment received by Plaintiff from the Disney Corporation on February 7, 2012; a minimum credit of $30,000.00 for the Lexus automobile, which was seized by Plaintiff. Defendant contends the Court should apply any and all credits to his child support obligations rather than his spousal support obligations.

The Supreme Court determined it was "outside the scope of [its] mandate for the Superior Court to calculate arrearage through January 26, 2004 because the Child Support

Referee ruling . . . only calculated arrearage through September 30, 2003." *Lamb II*, 2011 Guam 13 at ¶ 20. This Court, therefore, agrees with Plaintiff and Defendant that the scope of arrears encompasses the period of March 1, 2000, to September 30, 2003.

Next, *Lamb II* did not instruct the Court to calculate spousal and child support arrears anew. On January 26, 2004, Referee Ingles determined Plaintiff owed $111,871.10 CDN in child support and $469,488 CDN in spousal support arrears from March 1, 2000, until September 30, 2003. Finds. & Recommended Order at 2-3. Defendant asks the Court to determine his total arrears by multiplying his child support obligations of $2,391 CDN by 43 months. If the Court calculates anew, it would be acting contrary to the Supreme Court's instructions on remand and Referee Ingles' Findings and Recommended Order, which the Court confirmed and ratified. For that reason, Defendant's arrears total $111,871.10 CDN in child support and $468,488 CDN in spousal support.

The following discussion addresses Defendant's spousal and child support credits. The Court will not address those proposed credits, which exceed the Supreme Court's mandate.

A. Credit: Assets in the Court Registry

The Supreme Court addressed the $25,000.00 USD held in the Court Registry and determined, "The credit the Superior Court granted for assets in the Guam Court Registry, however, was not outside the scope of [the] mandate. These assets were surrendered by [Defendant] to the Courts of Guam following a Findings and Recommended Order from September 5, 2003 citing 5 GCA § 34126. RA at 35 (Finds. & Recommended Order, Sept. 5, 2003). . . ." *Id.* at 22, fn.7.[1]

The Court determines Defendant will receive a credit of $25,000.00 USD. Referee

---

[1] The Court docket notes Defendant paid $25,000.00 USD to the Guam Court Registry on September 25, 2003. Although the Supreme Court indicated the Superior Court released these assets to Plaintiff, it appears these assets still remain in the registry and should be released to Plaintiff.

Ingles' January 26, 2004 Findings and Recommended Order was issued in Canadian dollars, and so this Court will apply the conversion rate in effect in September 2003, the month Defendant deposited security in the registry. The average Canadian exchange rate in September 2003 was 1.36337. The exchange rate of 1.36337 multiplied by $25,000 USD held in the registry equates to $34,084.25 CDN.

The Court agrees with Defendant the purpose of this payment to the Court Registry was specifically designated for child support. Although Referee Ingles' September 5, 2003 Findings and Recommended Order required Defendant to pay $25,000.00 USD as security for both child and spousal support, the intent of 5 GCA § 34126 is clear. The purpose of the statute is to ensure payment of child support "for the benefit of the child." Therefore, Defendant is credited with $34,084.25 CDN in child support and not spousal support.

B. Credit: 13,500 Cell-Loc Shares

This Court erred in crediting Defendant with $343,479.00 CDN. The Supreme Court held, "The language of the [Amended and Final Corollary Relief Judgment] concerning both the assets found in [the 13,500 Cell-Loc Shares, specifically] the NS Limited 3001495 and the RRSP clearly intend for Carolyn to receive half of the assets. Fifty percent of the 13,500 Cell-Loc shares that were liquidated already belonged to Carolyn and Benjamin can only receive credit for half of the amount transferred." *Lamb II*, 2011 Guam 13 at ¶ 18.

The 13,500 Cell-Loc shares were marital property, fifty percent of which belonged to Plaintiff. The Supreme Court determined Defendant was only entitled to a fifty percent credit or $171,740.00 CDN in child and spousal support. The Supreme Court, however, did not specify the priority of Defendant's child and spousal support obligations, or if the Court should apply Defendant's share of the Cell-Loc shares equally to those obligations. The Court seeks to

follow the Supreme Court's instructions on remand, and those instructions provide Defendant is entitled to $171,740.00 CDN in spousal and child support. Since Defendant's above credit of $34,084.25 CDN (held in the Court Registry) has been credited to his child support arrears, it only appears Defendant owes $77,786.85 CDN in child support. Thus, the Court will credit Defendant with $93,953.15 CDN in spousal support. He is credited with $77,786.85 CDN in child support and does not owe child support arrears for the period of March 1, 2000, until September 30, 2003.

C.     Credit: 400 SC automobile Lexus

In *Lamb II*, the Supreme Court was unclear if it intended to affirm this Court's order requiring the sale of the Lexus 400 SC automobile ("Lexus").

On September 5, 2003, Referee Ingles issued a Findings and Recommended Order. Defendant was ordered to surrender the registration, title and keys to Plaintiff's attorney by August 22, 2003, as security for past and future child and spousal support payments. Referee Ingles cited 5 GCA § 34126. On June 25, 2009, this Court ordered Plaintiff's counsel to take all steps necessary to have the Lexus sold at fair market value. The proceeds from the sale of the Lexus were to be applied as follows: (1) storage fees; (2) if required, reasonable fees associated with preparing the vehicle for sale, but not to include Plaintiff's legal fees. The Court ordered Plaintiff to deposit all remaining amounts with the Clerk of Court to be applied to payment of any child support arrears.

As with the $25,000 USD paid to the Court Registry, the Court agrees future proceeds of the Lexus was security for Defendant's child support as provided by 5 GCA § 34126.

Second, Defendant and Plaintiff dispute how much credit Defendant should receive if the Lexus is sold. Defendant contends Plaintiff should have sold the Lexus as he requested in

October 2003 and as provided by the Court's June 25, 2009 Order and August 14, 2009 Decision and Order. Defendant notes during the June 1, 2009 hearing Plaintiff's attorney stated the Lexus was valued over $30,000.00 USD. Defendant maintains this is the minimum credit he should receive. Plaintiff argues, in 2009, the most the Lexus could have sold for was $19,000.00 USD less $10,900 USD in storage costs. Furthermore, Plaintiff asserts Defendant is responsible for the vehicle's depreciation or necessary storage costs: Defendant sought to set aside its seizure and Defendant appealed in *Lamb I* seeking a complete reversal of the Referee Ingles' Findings and Recommended Order, which took three years to resolve.

The Court is aware of the parties' arguments but finds it unnecessary to address them. The Lexus was seized in satisfaction for Defendant's child support arrears. Because Defendant's child support arrears for March 1, 2000, until September 30, 2003, have been satisfied, the Court orders Plaintiff's attorney to release the Lexus to Defendant.

III.

**CONCLUSION**

Based on the foregoing credits, Defendant owes $374,534.85 CDN in spousal support for the period of March 1, 2000, to September 30, 2003. Defendant, however, does not owe child support arrears for the above period.

SO ORDERED:

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Supe ior Court of Guam

OCT 0 9 2012

Persey M. Angoco
Deputy Clerk, Superior Court of Guam

_____
**Honorable Elizabeth Barrett-Anderson, Senior Judge**
**Pro Tempore**